IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF NEW MILLENNIUM BUILDING SYSTEMS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL S. AKINS COMPANY, INC., STEEL-PLUS, LLC, and GREAT AMERICAN INSURANCE COMPANY, <br><br> Defendants. | CASE NO. 4:12-CV-76 (CDL) |

O R D E R

In this action, Plaintiff New Millennium Building Systems, LLC ("New Millennium") asserts a claim for payment for supplies it provided in connection with a federal construction project. New Millennium seeks to enforce a payment bond executed in accordance with the Miller Act, 40 U.S.C. §§ 3131-34, by the principal contractor, Defendant Paul S. Akins Company ("Akins"), and its surety, Defendant Great American Insurance Company ("Great American"). New Millennium also seeks additional damages for breach of contract from Akins and its alleged subcontractor, Defendant Steel-Plus, LLC ("Steel-Plus"). Lastly, New Millennium asserts claims for attorneys' fees from Steel-Plus pursuant to O.C.G.A. § 13-1-11 and from Great American under O.C.G.A. § 10-7-30. Akins and Great American

(collectively, "Defendants") have filed a motion to dismiss the claim for attorneys' fees that is asserted pursuant to O.C.G.A. § 10-7-30. As discussed below, the Court concludes that New Millennium cannot recover attorneys' fees pursuant to O.C.G.A. § 10-7-30 in this Miller Act action, and Defendants' Motion to Dismiss this attorneys' fees claim (ECF No. 9) is therefore granted.

## MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not

permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

FACTUAL ALLEGATIONS

The following allegations are relevant to the claim for attorneys' fees under O.C.G.A. § 10-7-30. Akins entered into a written contract with the federal government to construct a dining facility at Fort Benning, Georgia ("the Project"). Akins and Great American executed and delivered to the United States of America a payment bond in accordance with section 3131 of the Miller Act. Akins contracted with Steel-Plus for certain materials and fabrication. New Millennium claims it supplied steel materials to Steel-Plus, for which it has not been paid in full. Akins and Great American admit that materials supplied by New Millennium were incorporated into the Project. Defs.' Answer ¶ 11, ECF No. 8. New Millennium seeks to enforce the Miller Act bond to cover the amount due for these materials. New Millennium also seeks attorneys' fees from Great American pursuant to the contract between New Millennium and Steel-Plus and relies upon O.C.G.A. § 10-7-30 to recover those fees. Compl. ¶ 21, ECF No. 1; *see also* Compl. Ex. B, Credit Application 3, ECF No. 1-2 at 10 (providing for attorneys' fees in the event of nonpayment).

DISCUSSION

The pending motion to dismiss presents an issue that must be decided as a matter of law: whether a plaintiff seeking to enforce a bond under the Miller Act can also assert a state law claim for attorneys' fees pursuant to O.C.G.A. § 10-7-30. Defendants argue for dismissal of this claim because federal law, not state law, provides the exclusive remedy for a claim enforcing a Miller Act bond and thus precludes a claim for attorneys' fees under O.C.G.A. § 10-7-30. On the other hand, New Millennium urges the Court to hold that the Miller Act does not provide the exclusive remedy. For the reasons stated below, the Court concludes that O.C.G.A. § 10-7-30 cannot provide a remedy when the sole basis for the claim against a party arises under the Miller Act.[1]

The Supreme Court has held that Miller Act remedies are a matter of federal law and that courts should apply federal law to decide claims for attorneys' fees. *F.D. Rich Co. v. U.S.* ex rel. *Indus. Lumber Co*. 417 U.S. 116, 127-28 (1974). The Supreme Court in *Rich* concluded that the Ninth Circuit erred in construing the Miller Act to allow an award of attorneys' fees

---

[1] O.C.G.A. § 10-7-30 provides as follows: "In the event of the refusal of a corporate surety to . . . make payment to an obligee . . . and upon a finding that such refusal was in bad faith, the surety shall be liable to pay such obligee . . . all reasonable attorney's fees for the prosecution of the case against the surety." The language of the statute does not purport to restrict its application to state law claims.

4

based on a California statute providing for attorneys' fees in state actions on bonds involving state and municipal construction projects. *Id.* at 126-27. The Supreme Court emphasized that "[t]he Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law." *Id.* at 127. The Supreme Court also pointed out that California state courts had already held that statute inapplicable to federal government projects and that this inconsistency between state and federal court demonstrates the utility of a uniform federal rule. *Id.* at 127-28 ("We think it better to extricate the federal courts from the morass of trying to divine 'state policy' as to the award of attorneys' fees in suits on construction bonds."). The Supreme Court added that a uniform federal rule would better serve the "reasonable expectations of such potential litigants" because federal projects often "involve construction in more than one state" and parties often "have little or no contact, other than the contract itself, with the state in which the federal project is located." *Id.* at 127. Lastly, the Supreme Court reasoned that there was no Congressional intent to provide specifically for attorneys' fees under the Miller Act because "Congress is aware of the issue" and did not include such language in the statute. *Id.* at 131. For these reasons, the Supreme Court decided not to

"judicially obviate" the federal common law rule "in the context of everyday commercial litigation," which provides that attorneys' fees are generally not available absent a statute, contractual provision, or bad faith or otherwise vexatious, wanton, or oppressive conduct. *Id.* at 129-30.

The only other binding precedent in this Circuit on this issue supports the conclusion that state law claims for attorneys' fees cannot be asserted in a Miller Act action. The Fifth Circuit reversed an award of attorneys' fees "to the extent it is based on the Miller Act claim" because the Supreme Court in *Rich* held that "federal common law governs the claim for attorney's fees in Miller Act cases." *U.S.* ex rel. *Garrett v. Midwest Constr. Co.*, 619 F.2d 349, 352 (5th Cir. 1980).[2] The Fifth Circuit also found that a district court correctly held attorneys' fees under Fla. Stat. § 627.756 "unavailable with respect to the Miller Act claim." *U.S.* ex rel. *Vulcan Materials v. Volpe Constr.*, 622 F.2d 880, 887 (5th Cir. 1980).[3]

---

[2] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

[3] The court did award state law attorneys' fees against a surety sued on a bond created under state law. *Vulcan*, 622 F.2d at 886-87 ("[O]ne of the sureties is not governed by the Miller Act [because the] payment bond was executed under Florida law [and the attorneys' fees statute was] specifically applicable to bonds written by insurer *under the laws of Florida*.") (emphasis added) (internal quotation marks omitted).

6

Here, New Millennium's only claim for relief against Great American arises under the Miller Act. *See* 40 U.S.C. § 3133(b)(1) (allowing "[e]very person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under" the Miller Act to bring a civil action on the payment bond). New Millennium seeks to recover its attorneys' fees in its Miller Act action pursuant to the Georgia statute. This is clearly precluded by the Supreme Court's holding in *Rich* that "[t]he Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law." 417 U.S. at 127.

The Court rejects New Millennium's invitation to extend the reasoning of other circuits to support its state law claim for attorneys' fees. First, New Millennium cites a Ninth Circuit case allowing attorneys' fees on a state law cause of action that was before the federal court based on diversity jurisdiction. *See K-W Indus. Div. of Assocs. Techs., Ltd. v. Nat'l Sur. Corp.*, 855 F.2d 640, 642-43 (9th Cir. 1988) ("Here [plaintiff] is not suing on the bond; it is suing in tort . . . ."). Next, New Millennium cites a Tenth Circuit case allowing a state-based, quasi-contract theory of recovery, independent from a Miller Act claim. *See U.S.* ex rel. *Sunworks Div. of Sun Collector Corp. v. Ins. Co. of N. Am.*, 695 F.2d 455,

457-58 (10th Cir. 1982) ("In its quantum meruit claim, [Plaintiff] does not seek recovery from the Miller Act payment bond. Instead it asserts [unjust enrichment].").  These cases did not involve a state law claim for attorneys' fees where the underlying substantive claim was asserted under the Miller Act. These cases provide no authority for awarding state law attorneys' fees based on a Miller Act claim, and the Court declines to extend their reasoning to create such a remedy.

New Millennium also points out that the Fifth Circuit more recently held that the Miller Act does not preclude supplemental jurisdiction over state law claims for fees against a contractor.  *U.S.* ex rel. *Cal's A/C & Elec. v. Famous Constr. Corp.*, 220 F.3d 326, 327-29, (5th Cir. 2000) (noting that *Rich* "announced only that Miller Act claims themselves do not incorporate state law remedies such as attorney's fees; it did not read the Act to preclude the pursuit of state causes of action for fees in addition to Miller Act claims") (emphasis omitted).  Although the court concluded that Louisiana law would permit recovery of attorneys' fees from a contractor that unreasonably withheld payment, it did not permit recovery from the surety since "recovery on the bond must be under the Miller Act."  *Id.* at 328-29, 329 n.8 (noting that the Miller Act "is the exclusive remedy available to a supplier against a surety . . . on a Miller Act payment bond").  Therefore, even if the

8

Court found *Cal's A/C* to be persuasive authority, it does not support an award of state law attorneys' fees against a surety on a Miller Act payment bond.

In summary, *Rich*'s holding still mandates that federal law, not state law, controls the available remedies in a Miller Act bond action.  Therefore, the Court finds that O.C.G.A. § 10-7-30 cannot supply a remedy for a Miller Act claim, even if O.C.G.A. § 10-7-30's language does not explicitly limit its application to bonds created under state law.

## CONCLUSION

For the reasons set forth above, a state law claim for attorneys' fees pursuant to O.C.G.A. § 10-7-30 is unavailable as a matter of law in this action where the underlying claim is asserted under the Miller Act.  Defendants' Motion to Dismiss is therefore GRANTED.

IT IS SO ORDERED, this 13th day of September, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE